FILED

2008 Mar-27  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIAM K. LOCK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 5:07-CV-488-VEH** |
| | ) |
| **MICHAEL E. MILLER, M.D., and** | ) |
| **THE ORTHOPAEDIC CENTER,** | ) |
| **P.C.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

---

## MEMORANDUM OPINION

This medical malpractice case is before the court on the Motion for Summary Judgment filed by Defendants Dr. Michael Miller (Miller) and The Orthopaedic Center, P.C. (the Center)(doc.15).   Subject matter jurisdiction of this case exists under 28 U.S.C. § 1332(a), diversity of citizenship.  Plaintiff is a citizen of Georgia, and defendants are citizens of Alabama.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

Upon consideration of the record, the submissions of the parties, and the applicable law, the court finds that the motion is to be granted as to both Defendants.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

## Facts

On March 18, 2005, Plaintiff William Lock (Lock) was injured in a car accident. He was taken to the emergency room at Huntsville Hospital.

Dr. Miller, a licensed orthopedic surgeon, conducted physical and radiographic examinations of Mr. Lock. The examinations revealed numerous injuries to Mr. Lock's left arm and hand including, but not limited to, an open "comminuted" fracture (the bone is broken into several pieces) of his left radius, an open fracture of his left ulna, and a closed comminuted fracture of his left ulnar diaphysis (the shaft of the long bone of the ulna). Certified records Huntsville Hospital pp. 14-15.

Defendant Dr. Miller performed orthopedic surgery on Mr. Lock's left arm and hand to reduce and stabilize the fractures and repair the other injuries. According to Dr. Miller's surgical notes, he removed bone spicules from the wounds, reduced the radial and ulnar fractures and stabilized them with compression plates. No mention was made of repairs to Mr. Lock's hand or fingers. Certified records Huntsville Hospital pp. 14-15. Mr. Lock was released from the hospital on March 20, 2005. *Id.*, pp. 3, 5, 42-43.

On March 28, 2005, Mr. Lock went to Dr. John Schnars in Jasper, Georgia. Dr. Schnars's physical and radiographic examinations showed that the fractures in Mr. Lock's left arm were not reduced and that his left index finger had a possible unrepaired fracture. Certified Records Pinnacle Orthopaedics, pp. 47-52. Dr. Schnars also noted that Mr. Lock's middle finger had been surgically repaired, but Dr. Miller had not included any surgical notes concerning the repair. Dr. Schnars also noted the possibility of a fracture in Mr. Lock's index finger. On March 28, 2005, Dr. Schnars performed surgery on Mr. Lock's left arm and hand. The hardware placed by Dr. Miller was removed and the ulnar and radial fractures were reduced and fixed with metal plates. Dr. Schnars also removed a piece of glass from Mr. Lock's left index finger and placed a percutaneous pin in his left index finger to stabilize an untreated fracture.

## Summary Judgment Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party seeking summary judgment always bears the initial

burden of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that genuine issue for trial exists. *Celotex*, 477 U.S. at 324.

The substantive law identifies which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real*

*Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it may satisfy its initial burden on summary judgment in one of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial may satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to

point to an absence of evidence to support the non-moving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either identify evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The record shows without dispute that Mr. Lock's x-rays revealed unreduced fractures of his ulna and radius ten days after the surgery performed by Dr. Miller. No dispute exists that, approximately two weeks after the original surgery, Mr. Lock had to undergo surgery by Dr. Schnars to reduce the comminuted fractures of his left ulna and radius, as well as to repair his left index finger which Dr. Miller had made no effort to repair despite the presence of injury at the time of the original surgery. Certified Records Pinnacle Orthopaedics, pp. 47-52. The record further shows that Mr. Lock named no expert witnesses within the time permitted by the scheduling order issued by this court on July 27, 2007. Doc. 8.

Because this case is a diversity case, the court is bound by the substantive law of Alabama, the state in which the alleged harm occurred.  The Alabama Supreme Court has established a general rule for the recovery of damages in a medical malpractice in Alabama.  The court stated: "To recover damages in a medical-malpractice action, the plaintiff must establish the traditional elements of negligence. <u>The plaintiff must present expert evidence regarding the physician's standard of care and the physician's breach of that standard.</u> *Rivard v. University of Alabama Health Servs. Found., P.C.,* 835 So.2d 987, 988 (Ala.2002).  Furthermore, the plaintiff must show a causal connection between an injury suffered and the physician's actions. *McAfee v. Baptist Med. Ctr.,* 641 So.2d 265, 269 (Ala.1994)."  *East Alabama Behavioral Medicine, P.C. v. Chancey,* 883 So. 2d 162, 172 (Ala.2003)[emphasis added].

An exception to this rule exists "in a class of cases 'where want of skill or lack of care is so apparent . . . as to be understood by a layman, and requires only common knowledge and experience to understand it.'" *Ex Parte HealthSouth,* 851 So. 2d 33, 39 (Ala. 2002)[1](quoting *Tuscaloosa Orthopedic Appliance Co. v. Wyatt* (460 So. 2d

---

[1]Nurse did not answer call buzzer for 30-60 minutes when plaintiff needed assistance to the bathroom.  Plaintiff's leg gave way when she attempted to get up unassisted, resulting in a hip fracture.  Plaintiff admitted knowing the doctor had told her not to get out of bed unassisted.  Plaintiff sued the hospital.  The trial court's grant of the hospital's motion for summary judgment was reversed.

156, 161 (Ala. 1984) which was quoting *Dimoff v. Maitre*, 432 So. 2d 1225, 1226-27).  The court used the examples of the wrong leg being operated on or a surgical sponge being left in the patient's body.  *Ex Parte HealthSouth,* 851 So. 2d at 39.

No cases were cited by Mr. Lock nor could this court find any cases decided after the *HealthSouth* decision which allowed a medical malpractice case to go forward without expert evidence in a case less complicated or obvious than a foreign object left in the body or the wrong limb being operated upon.  An extremely high bar is set by the law of Alabama for a plaintiff to hurdle to succeed in recovering damages in a medical malpractice case, and that bar is but slightly lower for surviving a motion for summary judgment. [2]

In the case at bar, Mr. Lock proffered no expert evidence to support his claim. The Defendant Miller has offered his own affidavit that says in part, "Appropriate surgical treatment was rendered at that point to stabilize the condition, promote healing and limit the risk of infection."  Defendants' Motion for Summary Judgment, Exhibit A.  This affidavit stands unrefuted by expert evidence from Mr. Lock.   Mr.

---

[2] In a case where a gynecologist left the tip of a surgical probe in a woman's cervix following surgery, the Alabama Supreme Court upheld the trial court's grant of summary judgement in favor of the doctor.  The holding was largely based on the plaintiff's own expert's testimony that the adapter tip "might" have been caused  (not "did cause" nor even "probably caused") the plaintiff's infection, pain, fever, and bleeding.  The court found that this testimony was not sufficient to constitute substantial evidence regarding proximate case. *Sorrell v. King,* 946 So. 2d 854, 865 (Ala. 2006).

Lock argues that the facts of this case come under the exception to the general rule regarding expert evidence, relying solely on Dr. Schnars's medical records. The court disagrees. Accordingly, Defendant Dr. Miller's Motion for Summary Judgment is due to be granted.

Although the necessity for a second surgery within two weeks of the first to repair the same injuries seems at first glance to border on *res ipsa loquitur* or at least to be a situation which a jury could use its common sense and everyday knowledge to decide, the law of Alabama requires a narrow application of these concepts in medical malpractice cases. This court is bound by the law of Alabama in this case. Under that law, whether the acceptable standard of medical care was met by Dr. Miller in this extensive, complex orthopedic diagnosis and surgery is not a matter that may be determined by a jury of laymen using their common knowledge and understanding. Expert testimony is required to establish the applicable standard of medical care and to determine whether a breach of that standard occurred.

Plaintiff has abandoned his claims against the Center. Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment, p. 12. Accordingly, the Center's Motion for Summary Judgment is also due to be granted.

An order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 27th day of March, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge